AO 91 (Rev. 11/11) Criminal Complaint　　　　　　　　　　　　　　　　AUSA Miltry L. Wright (312) 886-2061

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED
6/3/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | CASE NUMBER: **20 CR 263** |
|---|---|
| v. | |
| JOSEPH HAMMOND | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about June 3, 2020, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, namely, a loaded Glock, Model 20, 10mm semi-automatic pistol, bearing serial number BDMW734, which firearm had traveled in interstate and foreign commerce prior to defendant's possession of the firearm |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

*Christopher J. Labno* (Digitally signed by Christopher J. Labno, Date: 2020.06.03 11:26:25 -04'00')

CHRISTOPHER J. LABNO
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF)

Pursuant to Fed. R. Crim. P. 4.1, this complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: June 3, 2020　　　　　　　　　　　　　　　　　　　　　/s/ [signature]

*Judge's signature*

City and state: Chicago, Illinois　　　　　　　　GARY S. FEINERMAN, U.S. District Judge
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

### AFFIDAVIT

I, Christopher J. Labno, being duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since approximately 2001. I am currently assigned to the Chicago Field Office, Organized Crime Drug Enforcement Task Force—Chicago I Enforcement Group. My responsibilities include the investigation of violations of law as they relate to federal firearms offenses, including the unlawful possession of firearms or ammunition by convicted felons, firearms trafficking, violent crime, and narcotics trafficking. I employ investigative tools such as the use of informants and witnesses, surveillance, controlled purchases of firearms and narcotics, firearms traces, telephone toll analysis, and the execution of both search warrants and arrests warrants.

2. This affidavit is submitted in support of a criminal complaint alleging that Joseph HAMMOND has violated Title 18, United States Code, Section 922(g)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging HAMMOND with unlawful possession of a firearm by a felon, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal observations, my training and experience, and information provided to me by other law enforcement agents.

I. **FACTS SUPPORTING PROBABLE CAUSE**

   A. **HAMMOND's Possession of a Firearm**

4. On the night of June 2, into the morning of June 3, 2020, I and other ATF Special Agents and Task Force Officers were assisting the Chicago Police Department in the 7th District, a neighborhood known as Englewood.

5. At approximately 12:02 a.m. on June 3, 2020, agents were monitoring Zone 6 of Chicago Police Department police radio. Agents heard an emergency broadcast message in response to a 911 call of a man with a gun holding a book bag and a baby and shooting on the 900 west block of 68th Street, in Chicago. In addition, agents were notified of a Shot Spotter activation indicating that three shots were fired in the area, on the 6800 south block of Peoria Street.[1]

6. Agents relocated to the intersection of West 68th Street and South Sangamon Street and observed a black male, with his hair worn in braids, wearing a blue shirt and acid washed jeans standing on the northwest corner of this intersection; this man was later identified in the course of his arrest as HAMMOND. HAMMOND was standing with his hands at his side. Agents also observed that HAMMOND had a toddler standing in front of him. Agents approached HAMMOND in their vehicle in an attempt to conduct a field interview. Upon approach,

---

[1] Based on my training and experience, I know that Shot Spotter is proprietary electronic device which uses acoustical gunshot detection systems that detect and conveys the location of gunfire in a geographical area.

HAMMOND raised his hand from his side and pointed a black semiautomatic handgun with an extended magazine at one of the agents' faces and said, "Keep moving." Agents moved their car out of the line of fire and attempted to pursue HAMMOND north on Sangamon as HAMMOND picked up the child and ran. Additional agents joined the pursuit but lost sight of HAMMOND as he ran between several houses westbound.

7. Agents canvassed the area and attempted to conduct a systematic search of the surrounding blocks with no success. Agents asked several citizens on the street about HAMMOND's whereabouts, and one told agents to "just look on Morgan," which agents understood to mean Morgan Street, the north-south street directly west of Sangamon Street. At approximately 12:26 a.m., agents discontinued the search on Sangamon Street and began touring the area surrounding this location in an attempt to locate HAMMOND and the toddler.

8. At approximately 12:47 am, agents observed HAMMOND walking westbound on West 68th Street toward South Morgan Street. He was wearing the same clothing and a backpack and carrying the toddler and another small backpack. Agents drove their vehicle toward HAMMOND, stopped near him, exited their vehicle and announced their office as "Police." HAMMOND began to reach into the backpack he was carrying. Agents ordered HAMMOND to "Stop," and "Show me your hands!" Agents then arrested HAMMOND.

9. In the course of the arrest, agents removed the backpack from HAMMOND's hands and observed that the bag was open and that the extended

3

magazine and pistol grip of a firearm was visible. Agents recovered the firearm, which was a loaded Glock, Model 20, 10mm semiautomatic pistol, bearing serial number BDMW734. Agents made the firearm safe and observed that the extended magazine was loaded with 19 live rounds of 10mm ammunition, with 1 live round of ammunition loaded in the chamber ready to fire. The following are photographs of the firearm:



10. As agents arranged to have the child's mother retrieve the toddler, HAMMOND made several spontaneous statements apologizing to agents indicating that he was unaware that agents were law enforcement officers. All agents were wearing ballistic vests emblazoned with the word "Police" and depictions of law enforcement badges. Agents then transported HAMMOND to a CPD facility for processing and subsequently to the Metropolitan Correctional Center.

4

### B. HAMMOND's Criminal History

11. According to HAMMOND's criminal history records, which I reviewed, on May 17, 2005, HAMMOND was convicted of aggravated unlawful use of a firearm (case number 04CR23128) in the Circuit Court of Cook County and sentenced to 18 months' imprisonment; on November 21, 2006, HAMMOND was convicted of attempted first degree murder (case number 06CR1556201) in the Circuit Court of Cook County and sentenced to 6 years' imprisonment; on July 21, 2008, HAMMOND was convicted of the offense of aggravated battery of a police officer (case number 08CR0561701) in the Circuit Court of Cook County and sentenced to 3 years' imprisonment; and on August 22, 2018, HAMMOND was convicted of felon in possession of a firearm (case number 16CR1143601) in the Circuit Court of Cook County and sentenced to 4 years' imprisonment.

### C. Interstate Nexus

12. I have received extensive training regarding the manufacture and origin of firearms. Based upon my training and experience, I know that the Gun Control Act of 1968 requires firearm manufacturers and importers to mark the frame or receiver of a firearm with a country of origin if the firearm is not manufactured in the United States and a city and state of the licensed importer that imported the firearm. An examination of the above described firearm revealed that the markings "Made in Austria," "Glock, Inc," and "Smyrna, GA" were engraved on the frame. In addition, based upon my training and experience as an ATF Agent, I know that Glock, Inc does

5

not manufacture firearms in the state of Illinois, and that the firearm was manufactured outside the state of Illinois.

13. Therefore, in order for the foregoing firearm to have been recovered in Illinois, it had to have moved in interstate or foreign commerce.

## Conclusion

14. For all the reasons described above, there is probable cause to believe that HAMMOND has committed a violation of Title 18, United States Code, Section 922(g)(1) (unlawful possession of a firearm by a felon).

FURTHER AFFIANT SAYETH NOT.

Christopher J. Labno
*Digitally signed by Christopher J. Labno*
*Date: 2020.06.03 11:19:58 -04'00'*

Christopher J. Labno
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives

SUBSCRIBED AND SWORN to before me on June 3, 2020.

Honorable GARY S. FEINERMAN
United States District Judge