# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

---

UNITED STATES OF AMERICA

v.  No. 20 CR 263

JOSEPH HAMMOND

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act of 1984,18 U.S.C. § 3141 et seq., a detention hearing was held in this case pursuant to 18 U.S.C. § 3142(f) to determine whether there are conditions of release that will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community. This order is a summary of the Court's findings of fact and conclusions of law stated more fully on the record during that hearing. **In the event that the defendant seeks review of this order of detention, the defendant must provide a transcript of the Court's oral ruling to the reviewing court along with this order.**

### PART I -- FINDINGS OF FACT AND CONCLUSIONS OF LAW

☐ **A. Rebuttable Presumption Under 18 U.S.C. § 3142(e)** (Previous violator): The Court finds that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. This presumption exists because the following conditions are met:

   (1) the defendant is charged in a case that involves:

      (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

      (b) an offense for which the maximum sentence is life imprisonment or death;

      (c) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq., the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46; or

      (d) any felony if the person has been convicted of two or more offenses described in paragraphs (1)(a)-(c) above, or two or more state or local offenses that would have been offenses described in paragraphs (1)(a)-(c) if federal jurisdiction had existed, or a combination thereof; and

   (2) the defendant has been convicted of a Federal offense that is described in subparagraph c paragraph (1)(a) above, or of a State or local offense that would have been such an offense if a circumstances giving rise to Federal jurisdiction had existed; or

   (3) the offense described in subparagraph (1)(a) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; and

   (4) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in subparagraph (1)(a) above, whichever is later.

☐ **B. Rebuttable Presumption Under 18 U.S.C. § 3142(e)** (Narcotics, firearm, other offenses): The Court finds that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46;

☐ (2) an offense under 18 U.S.C. § 924(c), 956(a), or 2332(b);

☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5) for which a maximum term of imprisonment of 10 years or more is prescribed; or

☐ (4) an offense involving a minor victim under 18 U.S.C. 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of Title 18.

☐ The defendant has not rebutted the presumption.

☐ The defendant has rebutted the presumption.

☑ **C. Section 3142(g) Analysis:** The Court considered the factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged; (2) the weight of the evidence of the offense charged; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. Based upon the information presented and the factors considered, the Court has determined that the defendant must be detained pending trial because:

☑ The government has proved by clear and convincing evidence that the defendant is a danger to the community and that no condition or combination of conditions of release would reasonably assure the safety of the community.

☐ The government has proved by a preponderance of the evidence that there is a serious risk that the defendant would flee if released pending trial and that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required.

The Court provided its analysis of the Section 3142(g) factors and detailed findings in open court at the conclusion of the detention hearing. The reasons for detention include, without limitation, the following:

☐ Lack of stable employment

☑ Prior criminal history

☐ Lack of significant community or family ties in the Northern District of Illinois

☐ Existence of significant family or other ties outside the United States

☐ History of alcohol or substance abuse

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Facing lengthy period of incarceration if convicted

☐ Facing deportation after serving any period of incarceration

☐ Past use of alias names

☑ Weight of evidence against the defendant is strong

☑ History of violence or use of weapons

☑ Engaged in criminal activity while on probation, parole, or supervision

OTHER REASONS OR FURTHER EXPLANATION:

The Court's finding that the government has met its burden of establishing by clear and convincing evidence that no set of release conditions will reasonably assure the safety of the community or any other person begins with the nature and circumstances of the offense.  Though a violation of Section 922(g) is not a "crime of violence" under the Bail Reform Act, the circumstances of this case as proffered by the government evince a very considerable threat of violence:  When ATF agents approached defendant by driving up to him in their unmarked sedan shortly after midnight on 6/3/20, he is alleged to have pointed a firearm directly at them, telling them to keep moving.  The agents swerved their vehicle to avoid being fired upon.  The government does not assert that defendant had reason to know that the agents were law enforcement personnel, but that does not detract from the gravity of the danger involved when a person threatens another with a firearm.  By pointing the handgun at the agents and threatening them, Defendant created a grave risk, not just to the officers, but to others on the street including his own son, about 2, who was positioned in front of defendant when this exchange occurred.  Fortunately, that the agents did not open fire at that point.  Then, when the agents located defendant a second time and alighted from their vehicle and announced their office, he reached "quickly" into the backpack where the gun was recovered along with a diaper and a sippy cup. The Court reasonably infers that he was not about to do a diaper change or feed the child at that point in time, and a quick reach into that bag, after defendant was seen not only holding a weapon but pointing it at the agents, created a high degree of risk of shots being fired at him, at the child, or at others.  Then, a witness has told agents that moments before the midnight encounter with the ATF agents (as Shot Spotter technology signaled that three shots were fired nearby), defendant had discharged the firearm several times out of apparent anger at rival gang members. The Court agrees with the government on this point:  Defendant's allegedly having just squeezed off several rounds supports the inference that his possession and use of the firearm he pointed at the agents posed a great danger to the community.  The Court does not accept the government's argument that defendant used the child as a "human shield," as the government was not able to proffer specific evidence in support of that claim. Still, defendant endangered that child by pointing that firearm at law enforcement agents while the child was positioned in front of him, moments after a witness said he discharged the firearm in anger.  The firearm itself is a Glock Model 20 10mm semiautomatic pistol, found with one live round in the chamber and 19 live rounds in an attached extended magazine that holds up to 30 rounds.  The danger that this type of weapon poses on the streets of Chicago and in communities like Englewood, which bear a disproportionate amount of suffering from deadly gun violence, is well-documented. See United States v. Rocha, No,. 19 CR 625, 2019 WL 4384465 (N.D. Ill. Sept. 11, 2019).  As for the remaining statutory factors, the weight of the evidence is very strong.  Defendant's personal history and characteristics include five past felonies, the oldest dating to when defendant was a teenager.  Defendant's violation of probation terms occurred when he was 17, or about 15 years ago, and the Court places less weight on that information.  The Court is troubled though, but the sheer number of defendant's felony convictions, coupled with the fact that at least two of them involved firearms, with one of those being a conviction for an attempted murder in which defendant shot someone.  The Court is also concerned that the instant arrest occurred within a little over a year and a half of his having been paroled on his fifth and most recent felony conviction, for being a felon in possession of an unspecified weapon.  That fact, coupled with the serious circumstances of the instant offense, detracts from the force of defendant's argument that "the vast majority" of his criminal conduct occurred many years ago when he was a teenager.  Defendant was 29 at the time of the arrest leading to his fifth felony conviction and is 33 years old now. The Court appreciates Defendant's mother's willingness to support her son and serve as a third-party custodian but finds her proposed custodianship insufficient to reasonably assure the safety of the community under all the circumstances, which indicate that the danger posed to the community by defendant's release would be too great. For the foregoing reasons, the government has met its burden, and detention is ordered under Section 3142(e).

## PART II -- DIRECTIONS REGARDING DETENTION

The defendant is remanded to the custody of the United States Marshal or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**PART III -- APPEALS AND THIRD PARTY RELEASE**

 IT IS ORDERED that should the defendant appeal this detention order, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court.

 IT IS FURTHER ORDERED that if the defendant seeks to be released to a third party, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.


DATE: June 8, 2020

                      United States Magistrate Judge